UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                                  Case No. 06-20416

ANGEL BUSTILLO-GONZALES,                            Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 6, 2006.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

Defendant was charged in a one count Indictment with Illegal Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326. Presently before the Court is Defendant's Motion to Dismiss Count I of the Indictment for Violation of the Speedy Trial Act.

I. **Factual & Procedural Background**

The predicate conviction giving rise to this prosecution occurred on July 27, 1998. On that date, Defendant was convicted in the New York State Supreme Court of assault with intent to cause physical injury with a weapon, which resulted in a sentence of one-

year in prison.  Following his conviction, because Defendant was an alien convicted of an aggravated felony, an immigration judge ordered his removal from the country.

This prosecution arises out of an incident that occurred on July 6, 2006, when state authorities arrested Defendant for a traffic violation in Allen Park, Michigan.  Federal immigration authorities were contacted, and civil immigration proceedings were initiated against Defendant on July 6, 2006.  On July 7, 2006, Defendant was charged by federal complaint with Illegal Reentry After an Aggravated Felony in violation of 8 U.S.C. § 1326.  An arrest warrant was issued and Defendant made his initial appearance on the same date.

On July 10, 2006, Defendant consented to federal detention as a result of an Immigration Detainer.  Defendant then appeared before Magistrate Judge Whalen on July 20, 2006, where a preliminary examination was conducted and it was determined that there was probable cause to charge Defendant.

Defendant subsequently was indicted on the same charge on August 10, 2006.  On August 11, 2006, a trial date was set for October 16, 2006.  This motion was filed on September 26, 2006.  The Government filed a response to Defendant's motion on November 20, 2006.

**II.   Applicable Law & Analysis**

The Speedy Trial Act ("Act"), 18 U.S.C. § 3161 *et seq.*, provides in relevant part: "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. §

3161(b). Furthermore, the Act sets forth certain periods of delay which toll the running of the speedy trial clock. 18 U.S.C. § 3161(h)(1)-(9).

Defendant contends that, excluding the date of the detention hearing[1] and the date of the preliminary examination, the indictment was filed two days after the expiration of the pre-indictment time limit as prescribed by the Act. *See* 18 U.S.C. § 3161(b). The Government argues that the day for the initial appearance, that is July 7, 2006, should also be excluded. In addition, the Government asserts that the date the Government and Defendant discussed pre-indictment discovery, the possibility of a waiver of an indictment and proceeding by information, and a possible plea disposition should be excluded.

The Government's argument that the date of the initial appearance, that is July 7, 2006, should be excluded from the running of the speedy trial clock is not persuasive. The Act specifically states that an "indictment . . . shall be filed within thirty days *from the date on which such individual was arrested or served with a summons in connection with such charges.*" 18 U.S.C. § 3161(b)(emphasis added). The date of the initial appearance, being the same as the date the criminal complaint was filed and the warrant was issued, is not included in the 30-day period. Consequently, it cannot be excluded.

Furthermore, this Court is not persuaded by the Government's argument that the date of the discussion of pre-indictment discovery, the possibility of a waiver of an indictment, and a possible plea disposition should also be excluded. To support this

---

[1] The detention hearing, scheduled for July 10, 2006 before Magistrate Judge Morgan, never actually occurred, because Defendant consented to detention.

argument, the Government relies on *United States v. Oberoi*, 295 F. Supp. 2d 286 (W.D.N.Y. 2003). In *Oberoi*, the Court held that where the defendant requested the filing of an indictment be delayed to conduct pre-indictment discovery and discuss a possible plea disposition, the defendant was precluded from arguing that the pre-indictment delay violated the Act. *Id.* at 307. Here, there is no evidence that Defendant ever requested the delay of the filing of the indictment for any reason.

Excluding the date of the detention hearing, July 10, 2006, and the date of the preliminary examination, July 20, 2006, Defendant was still indicted 32-days after the criminal charge was filed, the arrest warrant was issued, and the Defendant made an initial appearance, all of which occurred on July 7, 2006. Therefore, the Government has violated the pre-indictment time period set forth in the Act. 18 U.S.C. § 3161(b).

Once a violation has been established, the Act provides in relevant part:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

With respect to the first factor, the seriousness of the offense, Defendant argues that the charged offense, Illegal Reentry After an Aggravated Felony, is akin to a trespass, a minor infraction. The Government argues that the statutory penalty, applicable sentence guidelines, elements of the offense, and the Defendant's predicate prior conviction

4

suggest that this factor weighs in favor of dismissal without prejudice.

The Court believes the first factor weighs in favor of dismissal without prejudice. Illegal Reentry After an Aggravated Felony carries with a maximum of 20 years of imprisonment, a fine, or both.  8 U.S.C. 1326(b)(2); *see also United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000)(considering the length of a sentence to determine the seriousness of the offense for the purposes of the Act).  Furthermore, the predicate prior conviction giving rise to this indictment involved assault with the intent to cause physical injury with a weapon, an aggravated felony.  *See* 8 U.S.C. § 1101(a)(43).  Moreover, other Courts have held that an illegal reentry offense predicated on an aggravated felony is at least a moderately serious offense within the meaning of section 3162(a).  *See, e.g., United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003)(finding a illegal reentry offense predicated on a prior conviction of unauthorized use of a motor vehicle, which is considered an aggravated felony, was a serious offense under section 3162(a)(2)); *United States v. Martinez-Espinoza*, 299 F.3d 414, (5th Cir. 2002)(finding that an illegal reentry offense predicated on an aggravated assault with a deadly weapon, which carries with it a maximum of twenty years in prison, is a serious offense within the meaning of section 3162(a)(1)); *United States v. Pena-Carrillo*, 46 F.3d 879, 882 (9th Cir. 1995)(finding that "[i]llegal reentry after a felony conviction is a moderately serious offense").

With respect to the second factor, Defendant argues that it is unclear what facts and circumstances led to the delay.  Furthermore, Defendant contends that any delay should be attributed to the government, because he did not waive his preliminary examination or the presentation of his case to the grand jury.  The Government asserts that the indictment

5

occurred, at most, a few days after the statutory deadline and that there is no showing of actual prejudice to the Defendant.

The second factor also weighs in favor of dismissal without prejudice. There is no reason articulated by the Government for the delay. However, on this record, the Court does not believe the delay was the result of the Government's bad faith or an attempt to take advantage of the delay. *See United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000). Furthermore, Defendant's reliance on *United States v. Moss*, 217 F.3d 426 (6th Cir. 2000) and *United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992) to support its argument that this factor weighs in favor of dismissal with prejudice is misplaced. Those cases dealt with the 70-day limitation contained in section 3162(a)(2) and the delay caused by the Court when failing to timely address pre-trial motions. Here, the Court did not contribute to any pre-indictment delay.

Finally, the Court believes the third factor also weighs in favor of dismissal without prejudice. The Sixth Circuit has stated that "[t]he main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay, and whether the government engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *Howard*, 218 F.3d at 562 (quoting *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994))(internal citations omitted). Defendant does not describe how the delay amounts to actual prejudice. Furthermore, there is no indication that the delay was the result of the Government's misconduct.

In conclusion, although the Government violated the Act by failing to indict the

6

Defendant within 30-days, the Court believes that, upon weighing the above-mentioned factors, the indictment should be dismissed without prejudice.

Accordingly,

**IT IS ORDERED**, that Count I of Defendant's Indictment is **DISMISSED WITHOUT PREJUDICE**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Natasha D. Thompson, Esq.
Michael R. Mueller, Esq.